UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

January 28, 2020

LETTER TO COUNSEL

RE: *Anthony M. v. Commissioner, Social Security Administration*
Civil No. SAG-19-651

Dear Counsel:

On February 28, 2019, Plaintiff Anthony M. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF 17, 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed his claim for benefits on December 3, 2015, alleging a disability onset date of January 1, 2015. Tr. 415-18. His claim was denied initially and on reconsideration. Tr. 337-41, 343-44. A hearing was held on October 2, 2017, before an Administrative Law Judge ("ALJ"). Tr. 279-301. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 78-91. The Appeals Council denied Plaintiff's request for review, Tr. 1-9, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "right shoulder disorder with status-post right shoulder rotator cuff tear and right frozen shoulder, right wrist scapholunate advanced collapse/non-union fracture, cubital tunnel syndrome, obesity and hypertension." Tr. 80. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with additional limitations. The claimant was able to lift up to 20 pounds at a time, frequently lift or carry objects weighing up to 10 pounds, and stand, walk and sit for approximately six hours each in an eight-hour workday. He could push and pull the same amount as he can lift and carry. The claimant could never operate hand controls with his right

>upper extremity. The claimant could never reach overhead with the right upper extremity and he could engage in occasional other reaching with his right extremity. He could engage in frequent handling and fingering with the right upper extremity. The claimant could never climb ladders, ropes and scaffolds and he could never crawl.

Tr. 84. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a benefits clerk, landscape specialist, or janitor, but could perform other jobs existing in significant numbers in the national economy. Tr. 90-91. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 91.

Plaintiff raises one primary argument on appeal: that the ALJ ran afoul of Social Security Ruling ("SSR") 96-8p, by not considering his non-severe mental impairments of anxiety and depression when determining his RFC. ECF 17-1 at 10-13. I agree that the ALJ's RFC analysis was inadequate, and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

SSR 96-8p requires, in relevant part, that

>[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

SSR 96-8p, 1996 WL 374184, at *5; *see also* 20 C.F.R. § 416.945(a)(2) (An ALJ "will consider all of [a claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe[.]'"); *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) ("To make this [RFC] assessment, the ALJ must 'consider all of the [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two.") (quoting 20 C.F.R. § 416.945(a)(2)).

At step two, the ALJ determined that Plaintiff's medically determinable mental impairments of anxiety and depression were nonsevere because they "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." Tr. 80. In making this finding, the ALJ applied the required "special technique" for evaluating mental impairments, 20 C.F.R. § 404.1520a, and concluded that Plaintiff had a "mild" limitation in each of the four "paragraph B" functional areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself, Tr. 82-83; *see* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(A)(1)(b) (2017).

The ALJ noted that the State agency non-examining consultants opined that Plaintiff had severe mental impairments with moderate limitations in both social functioning and maintaining concentration, persistence, and pace "such that he would do best doing routine tasks with limited interaction with the public." Tr. 82 (citing Exhs. 1A, 3A). The ALJ gave their opinions "little weight" because "the copious treatment records . . . document ongoing normal mental status examinations that do not support the limitations opined." *Id*. The ALJ also discussed the opinion of Dr. Hobson, Plaintiff's treating psychologist, that "the claimant's anxiety and irritability impacts his ability to interact with others and that he has paranoia in crowds," in addition to "difficulties with concentration and prolonged attention." Tr. 81 (citing Exh. 10F). The ALJ gave Dr. Hobson's opinions "little weight" because "her treatment notes document overwhelmingly normal findings." Tr. 81. Having found that Plaintiff did not have more than mild limitations in each of the functional areas, the ALJ concluded that Plaintiff's mental impairments were not severe. Tr. 83; *see* 20 C.F.R. § 404.1520a(d)(1).

Plaintiff does not challenge the ALJ's step two finding regarding his mental impairments; rather, Plaintiff argues that the ALJ erred by failing to consider all of his impairments in his RFC assessment as required by SSR 96-8p. ECF 17-1 at 10-11.

As described by the ALJ,

> [t]he limitations identified in the "paragraph B" criteria are not [an RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listings of Impairments (SSR 96-8p).

Tr. 83. Despite finding that Plaintiff's anxiety and depression were nonsevere medically determinable impairments and reciting SSR 96-8p's requirements in his decision, the ALJ's RFC assessment focused exclusively on Plaintiff's physical impairments. *See* Tr. 84-90.

The Commissioner does not dispute that Plaintiff had mental impairments. *See* ECF 18-1 at 5-11 (defending the ALJ's step two analysis and conclusion that Plaintiff's anxiety and depression were nonsevere medically determinable impairments). The Commissioner, instead, argues that the ALJ did not err by conflating the ALJ's requirements at step two and the RFC assessment, and asserting that "based on the overwhelmingly normal [mental health] treatment records . . . the ALJ found that Plaintiff did not have any severe mental health impairments to include in the RFC." ECF 18-1 at 12. However, the ALJ was required to consider the combined effect of Plaintiff's severe and nonsevere impairments in his RFC discussion, including his nonsevere depression and anxiety.

The Commissioner also argues that remand is not warranted because Plaintiff "does not identify a single specific work-related limitation, supported by evidence in the record[,] that should have been included in the RFC and was not." ECF 18-1 at 13. However, Plaintiff persuasively

demonstrates that the addition of an RFC limitation addressing his anxiety and depression, such as "limited interaction with the public," may have rendered him disabled. ECF 17-1 at 11-12. The VE proffered two representative occupations in response to the ALJ's hypothetical based on his RFC assessment: Cashier II and Usher. Tr. 296-97. Plaintiff asserts that "both of these occupations require such significant social interaction with the public that even a minimal limitation with this function would render Plaintiff disabled." ECF 17-1 at 12; *see* U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 211.462-010, 344.677-014 (4th ed. 1991).

Plaintiff further argues that the record supports such a limitation. ECF 17-1 at 11-12 (citing Tr. 333, noting State agency consultant's opinion that Plaintiff "would work best . . . with limited interaction with the public"). Plaintiff asserts that, by not conducting the "more detailed assessment" of his mental limitations as required by SSR 96-8p, the ALJ failed to consider that physicians other than Dr. Hobson and the State agency consultants acknowledged Plaintiff's mental impairments. ECF 19 at 6-11; *see, e.g.*, Tr. 740 (Dr. Chen noting difficulties with memory and concentration); Tr. 885-87, 891 (Dr. Vitali noting Plaintiff's depression and anxiety, prescribing Lexapro and Clonazepam). Plaintiff additionally notes that his medications for depression and anxiety were increased by double in December of 2016, after the State agency consultants reviewed his record. ECF 19 at 10-11; *see* Tr. 238-39. Furthermore, symptoms like "paranoia in crowds" may not appear in clinical notes from typically uncrowded medical examinations, and the ALJ provided no other basis for discrediting Dr. Hobson's opinions. *See* Tr. 81-82.

Of course, it is in the purview of the ALJ to determine whether the combination of severe and nonsevere impairments requires additional limitations to Plaintiff's RFC and accompanying hypothetical. However, without such an explanation, this Court cannot review whether the ALJ's decision is supported by substantial evidence.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 17 is DENIED, and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge